KEYSTONE CONSOLIDATED PUBLISHING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46311. Promulgated October 18, 1932.

*Frederick Schwertner*, Esq., and *J. K. Lasser*, *C. P. A.*, for the petitioner.

*W. R. Lansford*, *Esq.*, for the respoondent.

OPINION.

GOODRICH: Petitioner contests a deficiency in income taxes for the calendar year 1926 of $944.05. The sole issue involved is whether the excess of premiums paid on life insurance policies carried by a corporation on its officers (who were also stockholders) over the amount received from sale of the policies in 1926 is deductible from income as a loss sustained by the corporation.

Petitioner is a corporation, having its principal office at Tenth Avenue and 36th Street, New York City.

The parties, by counsel, have stipulated the facts as follows:

The petitioner took out insurance policies on the following officers in the following years and for the amounts stated:

| | 1916 | 1921 | Total |
| --- | --- | --- | --- |
| J. J. Vigneau | $5,000 | $10,000 | $15,000 |
| E. B. Day | 5,000 | 10,000 | 15,000 |
| R. C. Becker | none. | 10,000 | 10,000 |
| Total | | | 40,000 |

The said officers were stockholders of the petitioner, and the said petitioner was named as the beneficiary under the policies to protect it against loss in the event of their death.

Premiums were paid by the petitioner during the years set forth below in the amounts stated:

| | | | |
|---|---|---|---|
| 1917 | $280.00 | 1923 | $1,831.40 |
| 1918 | 280.00 | 1924 | 1,727.43 |
| 1919 | 240.00 | 1925 | 2,301.60 |
| 1920 | 280.00 | 1926 | 305.59 |
| 1921 | 1,851.40 | | |
| 1922 | 1,851.40 | Total | $10,948.82 |

These premiums were charged to expense on the petitioner's books, and were not deducted in its federal income tax returns for the years in which paid.

As of January 1, 1926, a sum of $3,650.55 was carried on petitioner's books as " cash value life insurance," which represented the then cash surrender value of the above listed policies.

On June 30, 1926, the petitioner sold the life insurance policies carried on its several officers to these officers for an aggregate sum of $3,825.36, which was the cash surrender value of the policies at that time.

The excess of the premiums paid over the amount received upon sale of the policies, $7,123.56, petitioner claimed as a deduction from income for 1926. Respondent disallowed that deduction and from that action arises the deficiency herein.

It is petitioner's contention that the item of $7,123.56 is deductible either as a loss incurred in trade or business under section 214 (a) (4) of the Revenue Act of 1926, or as a loss sustained upon sale of property under section 204 (a) of the same act. Without passing upon petitioner's right to the deduction upon either ground, we sustain respondent for the reason that petitioner has failed to prove any loss. It is clear that its loss, if any, must be measured by the difference between the cost of the property sold and the selling price (section 204 (a), Revenue Act of 1926). Petitioner acquired the property which it later sold to the insured stockholders through the payment of premiums, but the total premiums paid did not represent the cost of the capital asset, as petitioner contends. To so hold would be to disregard the element of insurance protection in the period prior to the sale, the benefit of which accrued to petitioner.

In *Standard Brewing Co.*, 6 B. T. A. 980, we considered this identical issue arising upon similar facts (except that there the policies were surrendered while here they were sold at cash surrender value) and that decision is determinative of the case at bar. We there said:

To the extent that the premiums paid by the petitioner created in it a right to a surrender value, they constituted a capital investment. To the extent they exceeded the surrender value, they constituted payment for earned insurance and were current expenses. *Appeal of E. A. Armstrong*, 1 B. T. A. 296. The surrender value of the policy was the measure of the investment and upon the surrender there was no capital lost.

Petitioner urges that our conclusion in *Standard Brewing Co.* is inconsistent with the decision of the Supreme Court in *Lucas* v. *Alexander*, 279 U. S. 573. With that view we disagree. In the *Lucas* case it was necessary to determine the fair market value as of March 1, 1913, of certain endowment policies paid up prior to that date and maturing subsequent thereto, for the purpose of determining the profit derived by the insured upon his investment when, at maturity, the principal amounts of the policies, together with accumulated dividends, were paid to him. It was held that such profit was taxable as income. The trial court determined the basis by discounting to present value the amount which the insured might reasonably anticipate he would receive at maturity of the policy. The Supreme Court pointed out that, since the events had occurred, the basis should have been determined upon actual figures of values and annual accretions rather than upon approximations thereof and, further, that in determining the basis the policy owner was not limited to the realizable value, consisting of the cash surrender or loan value of the policy as of March 1, 1913, plus dividends then collectible, but that the amount of reserve established by the company for the policy year including that date, if greater, might be used for that purpose, adding thereto the dividend accumulations provisionally apportioned to the policy. Because of the provisions of the Revenue Act of 1918 (section 202 (a) (1)) the question of the cost of the capital asset was not before the court, but only the fair market value thereof as of March 1, 1913, and therefore the principles pronounced are not applicable to a situation (obtaining in both the *Standard* case and the proceeding now before us) where the policies were issued subsequent to 1913 and were sold or surrendered in a period when the statute required that the basis for determining gain or loss upon disposal of a capital asset be the cost thereof.

For that reason we respectfully disagree with the decision in *Forbes Lithograph Mfg. Co.* v. *White*, 42 Fed. (2d) 287, cited by petitioner in support of his position, where, under facts similar to the case at bar (although there the policies were surrendered) plaintiff was allowed as a deductible loss the excess of the premiums paid over the amount received upon termination of its ownership of the policies. The learned judge deemed it unnecessary to consider the exact nature of premium payments on policies issued and held under the circumstances set out because, he says:

In *Lucas* v. *Alexander*, 279 U. S. 573, the principle is adopted of setting up such an account by taking the total amount paid in on one side, and the total amount received when the transaction is closed out on the other side.

In our opinion no such rule can be deduced from the Supreme Court's decision in the *Lucas* case and certainly, for the reasons

above stated, if deduced, it is not applicable to this case; nor do we agree that in cases such as this, where the policies are issued, after 1913 and their cost must be used as the basis for determining gain or loss upon their subsequent disposal, it is unnecessary to consider the nature of the premium payments. Only a part of those premiums went toward the purchase of a capital asset; the balance was expended for insurance protection, which entails a recurring, nondeductible expense. The division of such payments between these purposes is a matter of proof and upon it depends the ascertainment of the cost of the investment made by the insured and the loss resulting (leaving aside the issue of its deductibility) from the surrender or sale of the policies.

In this proceeding the only proof we have is that a part of the premiums paid purchased a capital asset represented by the surrender values of the policies, amounting to $3,875.36. At that amount the policies were sold, so no loss resulted from the sale. So far as this record discloses, the balance of the premiums went for insurance protection, of which petitioner had the benefit, which is not a capital asset, and can not constitute a loss. Cf. *Gustave Anderson*, 26 B. T. A. 1208.

*Judgment will be entered for the respondent.*